**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | | |
|---|---|---|
| WYNEISHA S. COLEMAN, | ) | No.  CV 09-9268-AGR |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

On December 28, 2009, Plaintiff Wyneisha S. Coleman ("Coleman") filed a complaint to review and set aside a decision by the Commissioner to deny benefits.  Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before this Court on February 19 and March 2, 2010.  (Dkt. Nos. 8-9.)

**I.**

**SUMMARY OF PROCEEDINGS**

On July 13, 2010, Plaintiff's counsel filed a motion to withdraw as attorney of record. On October 25, 2010, this Court issued an order granting the motion to withdraw and providing that the Order became effective upon the filing of a proof of service evidencing that Gamble was served with the Order. (Dkt. No. 17.)  In addition, the order explained that

1    if Coleman did not obtain new counsel on or before December 6, 2010, the matter would
2    proceed with Coleman appearing pro se and with a revised schedule.  (*Id.*)  The proof of
3    service was filed on January 5, 2011.  (Dkt. No. 18.)  No counsel filed a Notice of
4    Appearance for Coleman.  Nor did Coleman request an extension of time to obtain new
5    counsel.

6         According to the Order, Coleman was to file and serve a motion for judgment on the
7    pleadings on or before December 13, 2010.  The Order expressly warned that "[i]f Plaintiff
8    does not file and serve a timely motion for judgment on the pleadings, this action will be
9    subject to dismissal without prejudice for failure to prosecute and failure to comply with a
10   court order.  Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S 626, 629-30
11   (1962)." (Dkt. No. 17.)  The Order set forth guidelines as to the preparation of a motion for
12   judgment on the pleadings.  (*Id.*)  Coleman did not file a motion for judgment on the
13   pleadings and did not request an extension of time to do so.

14        On January 26, 2011, this Court issued an Order to Show Cause that required
15   Coleman to show cause on or before February 25, 2011, why this case should not be
16   dismissed without prejudice for failure to prosecute and/or failure to comply with a court
17   order.  The filing and service of a motion for judgment on the pleadings on or before
18   February 25, 2011, was expressly deemed compliance with the Order to Show Cause.
19   (Dkt. No. 19.)  The Order to Show Cause expressly warned Coleman that "[i]f Plaintiff fails
20   to file and serve a motion for judgment on the pleadings or otherwise respond to this Order
21   to Show Cause on or before February 25, 2011, this Court will dismiss this action without
22   prejudice for failure to prosecute and/or failure to comply with a court order.  Fed. R. Civ.
23   P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1962)."  (*Id.*)

24        On February 3, 2011, the Order to Show Cause was returned by the postal service
25   as undeliverable.  (Dkt. No. 20.)  Plaintiff has not notified the court of a change of address.
26   Local Rule 41-6.

27        To date, Coleman has not filed a motion for judgment on the pleadings and has not
28   otherwise responded to the Order to Show Cause.

## II.

## DISCUSSION

"A party proceeding pro se shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any, and e-mail address, if any.  If mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution." Local Rule 41-6.  Here, the Clerk served the Order to Show Cause no later than January 27, 2011.  The postal service returned the Order to Show Cause as undeliverable on February 3, 2011.  (Dkt. No. 20.)  Coleman has not notified the Court of her current address and has not otherwise responded to the Order to Show Cause.

It is well established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders.  *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of the court).

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, a district court should consider five factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260-61 (failure to comply with court orders)**.**

The first two factors -- the public's interest in expeditious resolution of litigation and the Court's need to manage its docket -- weigh in favor of dismissal.  Plaintiff failed to file

3

a motion for judgment on the pleadings, failed to request an extension of time to do so, and failed to respond to the Court's Order to Show Cause why this action should not be dismissed for failure to prosecute.  Given that this case cannot move forward to resolution in the absence of Plaintiff filing a motion for judgment on the pleadings, and given that Plaintiff's failure to notify the Court of her current address prevents the Court from being able to communicate its orders to her, Plaintiff's conduct hinders the Court's ability to move this case toward disposition, and indicates that Plaintiff does not intend to litigate this action diligently.

The third factor -- prejudice to defendants -- also weighs in favor of dismissal.  A rebuttable presumption of prejudice to defendants arises when there is a failure to prosecute diligently.  *Eisen*, 31 F.3d at 1452-53.  That presumption may be rebutted where a plaintiff proffers an excuse for delay.  Plaintiff has failed to come forward with any excuse or reason for delay.

The fourth factor -- public policy in favor of deciding cases on their merits -- weighs against dismissal.  It is, however, a plaintiff's responsibility to move a case towards a disposition at a reasonable pace and to avoid dilatory tactics.  *See Morris v. Morgan Stanley Co.*, 942 F.2d 648, 652 (9th Cir. 1991).  Plaintiff has not discharged this responsibility.  In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh plaintiff's failure to file a motion for judgment on the pleadings or request an extension of time to do so, to notify the Court of her current address, and to respond to orders of the Court.

The fifth factor -- availability of less drastic sanctions -- weighs in favor of dismissal.  The Court attempted to avoid dismissal by issuing an Order to Show Cause reminding Plaintiff of the obligation to file a motion for judgment on the pleadings and deeming a filing of the motion on or before February 25, 2011, as compliance with the Order to Show Cause.  Despite this warning, Plaintiff has failed to fulfill this obligation or respond in any way to the Court.

4

Taking all of the above factors into account, dismissal for failure to prosecute is appropriate. Such a dismissal, however, should not be entered unless Plaintiff has been notified that dismissal is imminent. In this case, Plaintiff has been cautioned twice about the possibility of dismissal in the Order dated October 25, 2011, and the Order to Show Cause dated January 26, 2011. To the extent Plaintiff did not receive the January 26, 2011 Order to Show Cause, it is due to her failure to keep the Court apprised of her current address such that her mail was returned as undeliverable.

### III.

### ORDER

IT IS HEREBY ORDERED that judgment be entered dismissing this action without prejudice for failure to prosecute.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

**IT IS SO ORDERED.**

DATED: March 9, 2011

_____
ALICIA G. ROSENBERG
United States Magistrate Judge